### SOUTHERN DISTRICT OF FLORIDA
### Miami Division
### CASE NO. 17-20844-CIV-MORENO

ROBERT GOMEZ, individually and )
on behalf of others similarly situated, )
                                                )
        Plaintiff, )
v. )
                                                )
SOUTH FLORIDA PIZZA, INC. d/b/a )
"DOMINO'S," )
                                                )
        Defendant. )
-------------------------------------------------------------/

### JOINT MOTION TO FILE CONFIDENTIAL SETTLEMENT AGREEMENT UNDER SEAL FOR PURPOSES OF THE COURT'S APPROVAL OF SETTLEMENT

Pursuant to Rule 5.4(b) of the Local Rules of the United States District Court for the Southern District of Florida, the parties, by and through their undersigned counsel, hereby jointly move this Court pursuant to Local Rule 1.09 to permit them to file the Confidential Settlement Agreement and Release and related filings under seal for the purposes of the Court's approval of the settlement and that such documents remain permanently sealed.  In support of this motion, the parties states as follows:

1.      Plaintiff and Defendant have reached a resolution of the claims of the Plaintiff in this matter, which is memorialized in the parties' Settlement Agreement and Release (the "Settlement Agreement").

2.      Under the terms of the Settlement Agreement and controlling law relating to the settlement of overtime claims under the Fair Labor Standards Act ("FLSA"), *Lynn's Food Stores, Inc. v. United States, US Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Settlement Agreement requires the Court's approval to become effective. The Eleventh Circuit has

empowered district courts to approve FLSA settlements "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. The Settlement Agreement also requires dismissal of all claims with prejudice and release of the Plaintiff's (and opt-in plaintiffs') claims under the FLSA. The Settlement Agreement contains a mutual confidentiality provision, which is a material term of the Agreement.

3.      In order to keep the Settlement Agreement confidential, as well as maintain the confidentiality of communications made during the mediation process, which the parties agree is necessary in order to allow the resolution of this matter, the Settlement Agreement and related filings must be filed under seal.

4.      In other FLSA cases in the Florida district courts and the Eleventh Circuit, the parties have been permitted to file settlement agreements and related filings under seal to allow the Court to review the settlement as required by *Lynn's Food Stores* but maintain the confidentiality of the settlement agreements and related filings.  *See Jimenez v. Pizzerias, LLC,* Case No. 1:15-cv-22035-KMM (S.D. Fla. Jun. 6, 2017) (ECF 99); *Rodriguez v. Primetime Amusements USA (Cent. Florida) LLC*, 2016 WL 898863, at *1, n.1 (M.D. Fla. 2016), report and recommendation adopted, 2016 WL 907946 (M.D. Fla. 2016) (approving settlement where parties did not file the agreement in public docket but rather under seal, and Court considered it only in camera); *King v. Wells Fargo Home Mortg.*, 2009 WL 2370640, at *2 (M.D. Fla., 2009) (approving FLSA settlement after in camera review where parties had agreed to keep the terms of the settlement confidential); *Bryant et al. v. Lakeview Center, Inc*., Case No. 3:09-cv-363-MCR-CJK, dkt # 228 (N.D. Fla. 2011) ("The parties shall file the report and memorandum under seal in order to avoid disclosure of confidential mediation communications."); *Peacock and Harvey v. Cypress Health Systems Florida, Inc*., Case No. 1:11-cv-257-GRJ (N.D. Fla. 2012); *Robertson v. Centene Management Company LLC, et al.,* Case No. 1:15-cv-00086-MW-GRJ (N.D. Fla. 2016);

2

*Lowery v. Cash's Cabanas, Inc*., 2011 WL 679457, at *1 (N.D. Fla. 2011), report and recommendation adopted, 2011 WL 674800 (N.D. Fla. 2011) (allowing parties to file memoranda on attorneys' fees and costs determination in FLSA action under seal); *Bartelloni v. DeCastro*, 2007 WL 2155646, * 1 (S.D. Fla. 2007) (courts "must weigh the interests in favor of openness – i.e., judicial transparency – against the interest of the parties in keeping the matter secret."); *Stalnaker v. Novar Corp*., 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003) (recognizing that there may be a "compelling reason" to seal FLSA agreements from public scrutiny, and that courts should weigh interests of judicial transparency in FLSA cases against the parties' interest in secrecy); *Crabtree v. Volkert, Inc*., 2013 WL 593500, at *4 (S.D. Ala., 2013) (approving settlement filed under seal because of confidentiality provision in agreement). In *Crabtree*, for example, the Court addressed the confidentiality clause in a FLSA settlement agreement and its submission under seal. As in this case, all parties in *Crabtree* agreed to a confidentiality provision on the advice of counsel and during an arm's length mediation process. Finding that the provision benefited both parties – as is the case here with the mutual confidentiality agreement – the court reviewed the agreement in camera and approved it. *Crabtree*, 2013 WL 593500, at *4. Accordingly, this Court should allow that the parties to submit the Settlement Agreement and related filings under seal based on the confidentiality provision therein.

2.      The filing of the Settlement Agreement and related filings under seal serves the compelling public interest of promoting the amicable resolution of disputes, and the approval of the Settlement Agreement is necessary in order to allow the final resolution of this matter. This is not a case which involves information of significant interest to the public. Further, submitting the Settlement Agreement under seal will prevent injury to Defendant's reputation, by ensuring that employees and other individuals who are not fully informed about the settlement do not mistakenly perceive this settlement as an admission of liability.

FPDOCS 33627393.1

3.      In addition, filing the Settlement Agreement under seal will not impede the opt-in Plaintiffs from determining their rights and obligations under the Settlement Agreement. Nor will filing the Settlement Agreement under seal impair this Court's administration of the settlement or its jurisdiction over this matter to enforce to the terms of the Settlement Agreement.

4.      Thus, good cause exists for filing the Settlement Agreement under seal.  If the parties are forced to file the Settlement Agreement in a manner other than under seal, the negotiated confidentiality provisions in those agreements would be rendered largely meaningless.

WHEREFORE, the parties jointly request that the Court enter an order providing that the Settlement Agreement and related filings be permanently filed under seal.

s/ Alan D. Danz
Alan D. Danz (FL Bar #948934)
11011 Sheridan Street, Suite 314
Cooper City, FL. 33026
(954) 530-9245 (O)
(954) 616-5738 (F)
danz@danzlaw.net

Mark A. Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
1150 Olive Blvd., Suite 133
St. Louis, MO  63141
314.997.9150
314.997.9170  (Fax)
markp@wp-attorneys.com

**PAUL  LLP**
Richard Paul (admitted *pro hac vice*)
600 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone: (816) 984-8100
Facsimile: (816) 984-8101
paul@paulmcinnes.com

*Counsel for Plaintiffs*

4

FPDOCS 33627393.1

5

FISHER & PHILLIPS LLP
By:    */s/Kathleen McLeod Caminiti*
Kathleen McLeod Caminiti
Fla. Bar No. 814628
kcaminiti@fisherphillips.com
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974
Telephone (908) 516-1050
Facsimile (908) 516-1051
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/      *Alan Danz*

5

6

FPDOCS 33627393.1