UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-20844-CIV-MORENO

ROBERT GOMEZ,

    Plaintiff,

vs.

SOUTH FLORIDA PIZZA, LLC d/b/a
DOMINO'S,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL AND DISMISSING CASE

This matter is before the Court upon the Plaintiffs' Unopposed Motion for Settlement Approval.

### I. BACKGROUND

Plaintiff, Robert Gomez, a pizza delivery driver, filed this Fair Labor Standards Act action on behalf of himself and other similarly situated persons, alleging that Defendant South Florida Pizza, Inc. insufficiently reimbursed him and its other delivery drivers for the expenses they incurred using their personal vehicles to deliver the Defendant's products to its customers.

The Defendant stipulated to conditional certification of the collective action in exchange for Plaintiff's dismissal of his state-law Rule 23 claims. The parties also negotiated the terms of a form of notice to be mailed to potentially eligible collective action class members. The parties filed a joint motion stipulating to conditional certification of the collective action and dismissal of the Florida state law claims, and asked the Court to approve the parties' proposed form of notice to all putative Opt-In Plaintiffs. The Court granted the motion on April 25, 2017. Defendant thereafter provided names, addresses, and dates of employment for the potentially eligible collective action class members and Plaintiff's counsel mailed the notice to all current

and former delivery drivers who worked for Defendant at any time within the preceding three years. Pursuant to the Court-approved form of notice, eligible collective action class members were allowed up to 75 days to opt-in to the action.

A total of 91 individuals, including the Named Plaintiff, filed consents to join this lawsuit. The parties thereafter exchanged a substantial amount of discovery, including delivery and reimbursement records for each Opt-In Plaintiff. On November 30, 2017, the parties mediated with mediator Kay Wolf, resulting in the settlement that is now before the Court.

## II. LEGAL ANALYSIS

Before approving a Fair Labor Standards Act settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). The Court approves the settlement, finding it fair and reasonable.

Further, the Fair Labor Standards Act requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009). The Court approves the $50,000 attorney's fees as the equivalent of 1/3 of the settlement amount, and the $2,000 incentive award to the Named Plaintiff, and $4,927.26 for expenses.

## III. CONCLUSION

The Court concludes that the settlement constitutes a fair and reasonable resolution of the bona fide Fair Labor Standards Act dispute between the parties. Accordingly, and for the reasons set forth herein, IT IS HEREBY ORDERED that:

1. The Parties' settlement is APPROVED; and,

2. The matter is dismissed as to the Named Plaintiff and all Opt-in Plaintiffs, on the merits, and with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of January 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Counsel of Record